UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRUCE OMAR BUSTAMANTE-RODRIGUEZ,<br><br>  Defendant. | Case No. 22-cr-00548-BAS-1<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE**<br>**(ECF No. 94)** |

On October 7, 2022, this Court sentenced Defendant Bruce Omar Bustamante-Rodriguez to 37 months in custody. (ECF No. 87.) After a change in the U.S. Sentencing Guidelines (U.S.S.G.) that was to be applied retroactively, Defendant filed this Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (pursuant to Amendment 821). (ECF No. 94.) For the reasons stated below, the Court **GRANTS** this Motion and reduces Defendant's sentence to 34 months in custody.

Defendant pled guilty to transporting illegal aliens. (ECF No. 61.) After accounting for the Government's recommended "fast track" departure, the Court calculated Defendant's base offense level to be 19 and his criminal history score to be 3, resulting in a criminal history category of II. In calculating the criminal history, the Court increased Defendant's criminal history score by 2 points because of his post-release status. The

resulting guideline range was 33–41 months, and the court sentenced Defendant to the mid-range or 37 months in custody. (ECF No. 87.)

Amendments to the U.S.S.G. were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Part A of these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Under these amended sentencing guidelines, Defendant's criminal history score would only be a one, without points added for his post-release status, and his resulting criminal history category would be a I. With a base offense level of 19 and a criminal history category of I, Defendant's new guideline range is 30–37 months. The Court again sentences Defendant to the mid-range of the guideline range or 34 months in custody.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Reduce Sentence (ECF No. 94). Defendant is resentenced to 34 months in custody. All conditions of supervised release, fines, and special assessments remain the same.

**IT IS SO ORDERED.**

**DATED: March 15, 2024**

Hon. Cynthia Bashant
United States District Judge